IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ABBOTT LABORATORIES NORVIR ANTI-TRUST LITIGATION | No. C 04-1511 CW<br><br>(Consolidated Case)<br>No. C 04-4203 CW<br><br>ORDER GRANTING PLAINTIFFS' RULE 56(F) MOTION AND DENYING AS PREMATURE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiffs John Doe 1, John Doe 2, and the Service Employees International Union Health and Welfare Fund (SEIU) move, pursuant to Federal Rule of Civil Procedure 56(f), to deny as premature or continue Defendant Abbott Laboratories' motion for summary judgment.  Defendant opposes the motion.  The matter was taken under submission on the papers.  Having considered the parties' papers and the evidence cited therein, the Court GRANTS Plaintiffs' Rule 56(f) motion and DENIES without prejudice as premature Defendant's summary judgment motion.

BACKGROUND

On April 19, 2004, the Doe Plaintiffs filed a class action complaint against Defendant that initiated Doe v. Abbott Laboratories, C 04-1511 CW.  On June 10, 2004, they filed an amended complaint alleging (1) actual and attempted monopolization under section 2 of the Sherman Act, (2) fraudulent, unfair or

deceptive business practices under California Business and Professions Code section 17200, et seq., and (3) unjust enrichment.

The Doe Plaintiffs' amended complaint arises out of allegations that Defendant, on December 3, 2003, raised by 478 percent the wholesale price of its drug Norvir, which boosts the anti-viral effects and reduces harmful side effects of protease inhibitors (PIs), considered the most potent class of drugs to combat the HIV virus. The amended complaint alleges that the Norvir price increase constituted an illegal attempt to achieve an anti-competitive purpose in the "boosted market," which the amended complaint defines as the market for those PIs that are prescribed for use with Norvir as a booster. Defendant is a participant in the boosted market; its drug Kaletra comes in the form of a pill that contains both Defendant's PI lopinavir and Norvir.

On October 21, 2004, the Court denied Defendant's motion to dismiss. On October 25, 2004, Plaintiff SEIU filed a complaint against Defendant, which is almost identical to the Doe Plaintiffs' amended complaint, that initiated SEIU v. Abbott Laboratories, C 04-4203 CW. The Court denied a motion to dismiss filed by Defendant in that case on March 2, 2005. On May 2, 2005, the two cases were ordered consolidated. In its answers to the complaints in each case, Defendant has asserted as an affirmative defense that its Norvir-related patents confer upon it immunity from Plaintiffs' anti-trust claims.

On June 1, 2005, Defendant filed a motion for summary judgment. On June 27, 2005, Plaintiffs filed their Rule 56(f) motion. The parties acknowledge that discovery in this litigation

2

1 has not been completed.

## LEGAL STANDARD

Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The district court should deny or continue a motion for summary judgment if the opposing party makes a good faith showing by affidavit that the continuance is necessary to obtain facts essential to oppose the motion. State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (citing McCormick v. Fund American Cos., Inc., 26 F.3d 869, 885 (9th Cir. 1994)). Parties seeking a continuance must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Campbell, 138 F.3d at 779.

## DISCUSSION

In its summary judgment motion, Defendant argues that Plaintiffs cannot satisfy the necessary elements of their monopolization or attempted monopolization claims under the Sherman Act. A monopolization claim under section 2 of the Sherman Act requires a plaintiff to prove "(1) possession of monopoly power in the relevant market, (2) willful acquisition or maintenance of that power, and (3) causal 'antitrust injury.'" Rutman Wine Co. v. E. &

3

1  J. Gallo Winery, 829 F.2d 729, 736 (9th Cir. 1987).  An attempted
2  monopolization claim requires "(1) specific intent to control
3  prices or destroy competition in the relevant market, (2) predatory
4  or anti-competitive conduct directed to accomplishing the unlawful
5  purpose, and (3) a dangerous probability of success."  Id.
6  Defendant argues that Plaintiffs' claims fail as a matter of law
7  because (1) Kaletra's falling market share establishes a lack of
8  monopoly power, (2) Plaintiffs cannot establish anti-competitive
9  conduct, and (3) Defendant's patents, which it contends cover the
10 boosted market, provide immunity from Plaintiffs' anti-trust
11 claims.
12 I.   Monopoly Power
13      Plaintiffs argue that they need further discovery relating to
14 the existence of barriers to market entry and the effect on
15 competitors' ability to increase output, both of which are
16 important factors, along with market share, in determining monopoly
17 power.  See Image Technical Servs., Inc. v. Eastman Kodak Co., 125
18 F.3d 1195, 1202 (9th Cir. 1997).  Plaintiffs cite several cases
19 from this circuit, including Greyhound Computer Corp. v. Int'l Bus.
20 Machines Corp., 559 F.2d 488 (9th Cir. 1977), holding that a
21 declining market share does not as a matter of law defeat a finding
22 of monopoly power.
23      Relying on Image Technical, 125 F.3d at 1206, Defendant argues
24 that, even if Plaintiffs could show barriers to market entry or the
25 restricted ability of competitors to increase output, it is still
26 not disputed that Defendant currently has less than a sixty-five
27 percent share of the boosted market, which Defendant claims is
28

4

generally required for a monopolization claim.  Defendant has submitted evidence that its current share of the boosted market is forty-nine percent.  However, as Plaintiffs note, the Ninth Circuit has held that a market share as low as forty-four percent is sufficient to establish a triable issue of fact regarding market power for an attempted monopolization claim.  See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1438 (9th Cir. 1995).

Plaintiffs' sworn affidavit establishes that additional discovery relating to Defendant's market share during the relevant time period and to additional factors affecting market power is required to oppose properly Defendant's summary judgment motion, and meets the Rule 56(f) standard.

II.  Anti-competitive Conduct

Plaintiffs' sworn affidavit states that they have not deposed any of Defendant's employees, and thus cannot support their argument that Defendant engaged in anti-competitive or predatory conduct in the boosted market when it significantly raised the wholesale price of Norvir.

Defendant argues that its subjective intent in raising the Norvir price is irrelevant to the determination of anti-competitive conduct under section 2 of the Sherman Act, and concedes for purposes of this motion that a triable issue of fact regarding its subjective intent does exist.  However, Defendant contends that raising the price on a patented product cannot, as a matter of law, qualify as anti-competitive conduct.

The Court rejected an identical argument in its orders denying Defendant's motions to dismiss in the consolidated cases.  While

5

conceding that Defendant holds patents covering its use of Norvir as a booster, Plaintiffs allege, relying on the monopoly leveraging theory recognized in <u>Image Technical</u>, 125 F.3d at 1208, that Defendant's Norvir price increase constituted impermissible anti-competitive conduct in the boosted market.

Plaintiffs are entitled to discovery relating to whether Defendant engaged in anti-competitive conduct in the boosted market.

III. Asserted Anti-trust Immunity

Plaintiffs contend that additional discovery is also required to address Defendant's affirmative defense of immunity stemming from its Norvir-related patents. Specifically, Plaintiffs argue that they are entitled to discovery relating to (1) the patents' validity and enforceability, (2) the patents' scope and application to the boosted market, and (3) whether, even if Defendant's actions were protected by its patents, its enforcement of the patents was merely a pretext for anti-competitive activity.

Defendant correctly notes that Plaintiffs have not identified any facts that they hope to obtain from discovery relating to the Norvir patents' validity, nor have they alleged in this litigation that Defendant's patents are invalid. However, Plaintiffs have satisfied the Rule 56(f) requirements for the remaining discovery that they identify which relates to Defendant's affirmative defense of immunity. Defendant argues that its Norvir patents cover the boosted market. However, the <u>Image Technical</u> court stated that, while the relevant market for determining a patent grant may be governed by patent law, the "relevant markets for antitrust

6

purposes are determined by examining economic conditions." 125 F.3d at 1217. The court in that case noted that the markets in each context may be defined differently. Id. Plaintiffs state in their affidavit that they have yet to conduct discovery, which may include deposing third-party manufacturers of PIs that are sold in the boosted market, on the economic conditions in the boosted market to determine whether products upon which that market is based fall within the grant of the Norvir patents.

Second, Plaintiffs are entitled to discovery relating to the issue of whether Defendant's Norvir price increase was a pretext for anti-competitive conduct in the boosted market. Defendant argues that Plaintiffs' pretext argument is irrelevant because the Court is bound, not by Image Technical, but by In re Indep. Servs. Orgs. Antitrust Litig., 203 F.3d 1322 (Fed. Cir. 2000), in which the Federal Circuit ruled that exercising legitimate patent rights can never support anti-trust liability. That argument is not well-taken; Plaintiffs' claims arise under the Sherman Act, not federal patent law, and Ninth Circuit precedent applies. See In re Indep. Servs. Orgs. Antitrust Litig., 203 F.3d at 1325. Defendant also relies upon a district court's July 12, 2005 ruling granting its motion to dismiss in Schor v. Abbott Laboratories, No. 05 C 1592 (N.D. Ill.).[1] However, that court expressly declined to follow the Ninth Circuit's ruling in Image Technical that recognized the monopoly leveraging theory. Image Technical is binding on this Court.

---

[1] The Court GRANTS Defendant's motion for leave to file a supplemental brief in support of its opposition (Docket No. 134).

7

Thus, Plaintiffs are entitled to conduct discovery relating to Defendant's asserted anti-trust immunity affirmative defense. Defendant's summary judgment motion is premature.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 56(f) motion (Docket No. 118) is GRANTED and Plaintiffs may proceed with discovery. Their Motion to Compel Compliance With Case Management Conference Minute Order (Docket No. 144) is DENIED as moot. Defendant's motion for summary judgment (Docket No. 105) is DENIED without prejudice as premature. Defendant's motion for leave to file a supplemental opposition to the Rule 56(f) motion (Docket No. 134) is GRANTED.

Defendant shall file a motion for summary judgment no later than December 30, 2005. Defendant may re-file this summary judgment motion or file an amended motion. Plaintiffs shall file their opposition no later than January 13, 2006, and Defendant shall file its reply no later than January 27, 2006. The matter will be heard on February 10, 2006, at 10:00 a.m.

IT IS SO ORDERED.

Dated: 9/12/05

CLAUDIA WILKEN
United States District Judge