IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ABBOTT LABORATORIES NORVIR
ANTI-TRUST LITIGATION

_____/

No. C 04-1511 CW

(Consolidated Case)
No. C 04-4203 CW

ORDER DENYING
DEFENDANT'S MOTION
FOR LEAVE TO FILE
MOTION FOR
RECONSIDERATION AND
MOTION FOR
PERMISSION TO FILE
INTERLOCUTORY APPEAL

Defendant Abbott Laboratories seeks leave to file a motion for reconsideration of the Court's July 6, 2006 order, denying its renewed motion for summary judgment. If the Court denies its motion for leave to file a motion for reconsideration, Defendant seeks permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs John Doe 1, John Doe 2 and the Service Employees International Union Health and Welfare Fund oppose Defendant's motion for certification under 28 U.S.C. § 1292(b). The matter is decided on the papers; the September 15, 2006 hearing is vacated. Having considered the parties' papers,

1 the Court DENIES Defendant's motions.

## DISCUSSION

I. Leave to file a motion for reconsideration

Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Defendant fails to show any of the three. It argues that the Court inadvertently failed to resolve a dispositive issue: whether Plaintiffs' current one-market theory is sufficient to maintain a cause of action for monopoly leveraging. Defendant argues that Plaintiffs abandoned their original two-market theory, approved by the Ninth Circuit in <u>Image Technical Services, Inc. v. Eastman Kodak Co.</u>, 125 F.3d 1195 (9th Cir. 1997), in their opposition to Defendant's renewed motion for summary judgment. That is not an argument that the Court manifestly failed to consider. Rather, the Court was not, and continues not to be, persuaded by Defendant's argument that, by submitting an expert report which accounts for both Kaletra and Norvir in the boosted market, Plaintiffs, as a matter of law, combined the boosted market and the booster market

2

1  into a single market.  Thus, the Court denies Defendant's motion
2  for leave to file a motion for reconsideration.
3  II.  Certification under 28 U.S.C. § 1292(b)
4       Pursuant to Title 28 U.S.C. § 1292(b), the district court may
5  certify appeal of an interlocutory order if (1) the order involves
6  a controlling question of law, (2) appealing the order may
7  materially advance the ultimate termination of the litigation, and
8  (3) there is substantial ground for difference of opinion as to the
9  question of law.  The Court should construe the requirements for
10 certification strictly, and grant a motion for certification only
11 when exceptional circumstances warrant such action.  Coopers &
12 Lybrand v. Livesay, 437 U.S. 463, 475 (1978).
13      Defendant requests that, if the Court concludes that
14 Plaintiffs have asserted a cognizable cause of action under a one-
15 market theory, the Court grant it permission to file an
16 interlocutory appeal under section 1292(b).  But, as Plaintiffs
17 note, the Court did not rule that Plaintiffs brought a cognizable
18 cause of action under a one-market theory, nor does that Court now
19 find that Plaintiffs are proceeding under a one-market theory.
20 Instead, the Court found that Plaintiffs alleged that there are two
21 markets and that there is a dispute of material fact concerning the
22 correct method of calculating Defendant's share in the boosted
23 market.  The Court did not, as Defendant asserts, tacitly approve
24 Plaintiffs' one-market theory of monopoly leveraging.  Therefore,
25 there is no "controlling question of law" that could materially
26 advance the ultimate termination of this litigation.  The Court
27 will not certify an interlocutory appeal of its July 6, 2006 order.
28

3

CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Motion for Reconsideration and Motion for Permission to File Interlocutory Appeal (Docket No. 259) are DENIED.

IT IS SO ORDERED.

Dated: 9/12/06

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge