IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ABBOTT LABORATORIES NORVIR ANTI-TRUST LITIGATION

No. C 04-1511 CW

ORDER DENYING PLAINTIFFS' MOTION TO ESTOP DEFENDANT FROM ASSERTING INVENTION DATE OTHER THAN DECEMBER 2, 1993

_____/

Plaintiffs John Doe 1, John Doe 2 and the Service Employees International Union Health and Welfare Fund move to estop Defendant Abbott Laboratories from asserting an invention date other than December 2, 1993 for U.S. Patent No. 5,886,036 (the '036 patent). The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Plaintiffs' motion.

BACKGROUND

This is an antitrust case arising from Defendant's 400% price increase for Norvir, an anti-HIV drug it manufactures. Defendant asserts the '036 patent as an affirmative defense to Plaintiffs' claims of monopolization, unfair competition and unjust enrichment. Plaintiffs challenge the validity of that patent.

In April, 2007, Plaintiffs served Defendant with an interrogatory stating, "For each claim in U.S. Patent No. 5,866,036, identify the date on which you assert the claimed invention was conceived by the named inventors." Wiebe Dec. Ex. A at 6. In response, Defendant stated:

> Abbott . . . is entitled to a constructive date of conception of the invention claimed in the '036 patent by <u>at the latest</u> December 2, 1993, the date of U.S. patent application Ser. No. 08/158,587. . . . If and when Plaintiffs put forth evidence making relevant or disputing the conception of the invention by the named inventors, Abbott reserves the right to amend and/or supplement this answer.

<u>Id.</u> (emphasis in original). This response was subject to a number of objections, including that Plaintiffs had not produced material putting into dispute the validity of the '036 patent or provided Defendant with notice of the bases on which they intended to challenge the patent's validity. Plaintiffs did not raise with the Court the issue of whether Defendant's responses were sufficient.

In September, 2007, after fact discovery had concluded, Plaintiffs served their expert's report. The report discusses issues relevant to the '036 patent's validity, analyzing prior art as of December 2, 1993. After receiving the report, Defendant informed Plaintiffs that it intended to assert an invention date of December 29, 1992, producing for the first time a patent application, of which the 1993 application was a continuation-in-part, bearing this new date. Defendant's expert's rebuttal report used the 1992 invention date when analyzing the issues surrounding the validity of the '036 patent.

2

DISCUSSION

Plaintiffs argue that, because of its responses to their interrogatories, Defendant should be estopped from asserting an invention date other than December 2, 1993.  Judicial estoppel provides that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).  In order for the doctrine to apply, however, the party's later position must be "clearly inconsistent" with its earlier position.  Id.; see also Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007) (setting out other factors supporting the application of judicial estoppel).

Defendant's interrogatory responses asserted that Defendant was entitled to an invention date of, "at the latest," December 2, 1993.  Given the plain meaning of this language, which was italicized in the response, Defendant left open the possibility of claiming an invention date prior to December 2, 1993.  Therefore, it was not "clearly inconsistent" with the interrogatory responses for Defendant later to assert an invention date of December 29, 2002.  Estoppel is therefore not appropriate.

It is true that, by using the "at the latest" language, Defendant avoided committing itself to a particular invention date,

3

perhaps impermissibly.[1]  However, Plaintiffs were entitled to challenge the sufficiency of Defendant's responses by filing a motion to compel or otherwise seeking relief from the Court.  They did not do so, instead choosing to proceed with their expert report based on an indefinite response that was couched in objections.  In light of the clear language of the response and the contemporaneous objections qualifying it, the Court will not hold Defendant to the December 2, 1993 date.  However, the Court will give Plaintiffs an opportunity to respond to the new date.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to estop Defendant from asserting an invention date other than December 2, 1993 for the '306 patent (Docket No. 386) is DENIED.  Because Defendant's dispositive motion is due shortly, the parties shall, within a week of the date of this order, propose a schedule that will give them an adequate opportunity to complete their expert reports prior to initiating the dispositive motion process.  If they are unable to agree, each side shall submit its proposal three days thereafter.

IT IS SO ORDERED.

Dated: 12/13/07

CLAUDIA WILKEN
United States District Judge

---

[1] As Defendant points out, Plaintiffs also attempted to avoid committing themselves to specific contentions concerning their claim that the '306 patent is invalid.

4