**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFEWAY INC.; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; and HEB GROCERY COMPANY, LP, | No. C 07-05470 CW<br><br>ORDER DENYING DEFENDANT ABBOTT LABORATORIES' MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL<br>(Docket No. 137) |
|        Plaintiffs, | |
|   v. | |
| ABBOTT LABORATORIES, | |
|        Defendant. | |
| _____/ | |
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; and LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of themselves and all others similarly situated, | No. C 07-05985 CW<br><br>(Docket No. 233) |
|        Plaintiffs, | |
|   v. | |
| ABBOTT LABORATORIES, | |
|        Defendant. | |
| _____/ | |
| RITE AID CORPORATION; RITE AID HDQTRS CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC. D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; and CAREMARK LLC, | No. C 07-06120 CW<br><br>(Docket No. 126) |
|        Plaintiffs, | |
|   v. | |
| ABBOTT LABORATORIES, | |
|        Defendant. | |
| _____/ | |

United States District Court
For the Northern District of California

1    SMITHKLINE BEECHAM CORPORATION, d/b/a
     GLAXOSMITHKLINE,                              No. C 07-05702 CW
2
                                                   (Docket No. 199)
3              Plaintiff,

4         v.

5    ABBOTT LABORATORIES,

6              Defendant.
                                                    /
7

8         Defendant Abbott Laboratories moves for an order certifying an

9    interlocutory appeal of three issues:

10        1.   Whether Plaintiffs have properly stated a predatory
               pricing antitrust claim even though they admittedly
11             have not satisfied the standard set forth by the
               Supreme Court in linkLine, which requires
12             allegations of a dangerous probability of recoupment
               and below-cost pricing for the retail product in the
13             challenged market?

14        2.   Whether Plaintiffs have properly stated a
               refusal-to-deal antitrust claim without any actual
15             refusal to deal in the challenged market, based on
               the allegation that the combined pricing of
16             products in two separate markets makes it difficult
               for rivals to compete?
17
          3.   Whether Plaintiffs can state an antitrust claim
18             based on a theory that Abbott charged a low (but not
               below-cost) price for Norvir to discourage
19             innovation by rivals?

20   Def.'s Mot. at 1.  Plaintiffs oppose the motion.  The motion was

21   taken under submission on the papers.  Having considered all of the

22   papers submitted by the parties, the Court DENIES Abbott's motion.

23                              BACKGROUND

24        On January 12, 2010, the Court denied Abbott's motion to

25   dismiss, which was based in large part on John Doe 1 v. Abbott

26   Laboratories, 571 F.3d 930 (9th Cir. 2009), and Pacific Bell

27   Telephone Co. v. Linkline Communications, Inc., ___ U.S. ___, 129

28   S. Ct. 1109 (2009).  In Doe, the Ninth Circuit considered whether,

                                    2

**United States District Court**
For the Northern District of California

1 under the <u>Doe</u> plaintiffs' monopoly leveraging theory, Abbott

2 violated section 2 of the Sherman Act, 15 U.S.C. § 2, through its

3 conduct in pricing Norvir and Kaletra.[1]  571 F.3d at 932-33.  The

4 court held that the plaintiffs' theory, which did not include

5 allegations of an antitrust duty to deal or below-cost pricing, was

6 the "functional equivalent" of the price squeeze theory rejected by

7 the Supreme Court in <u>Linkline</u>.  <u>Id.</u> at 934-35; <u>see also</u> <u>Linkline</u>,

8 129 S. Ct. at 1114.  In <u>Linkline</u>, the Supreme Court addressed

9 "whether a plaintiff can bring price-squeeze claims under § 2 of

10 the Sherman Act when the defendant has no antitrust duty to deal

11 with the plaintiff."  129 S. Ct. at 1116-17.  The Court rejected

12 the plaintiffs' theory, holding that "the price-squeeze

13 claims . . . are not cognizable under the Sherman Act."  <u>Id.</u> at

14 1123.

15    Here, it is alleged, among other things, that Abbott violated

16 § 2 by engaging in predatory pricing of a bundled product and by

17 breaching its antitrust duty to deal.  Because Plaintiffs here do

18 not base their claims on the monopoly leveraging or price squeeze

19 theories addressed in <u>Doe</u> and <u>Linkline</u>, the Court rejected Abbott's

20 argument that those cases barred Plaintiffs' antitrust claims.  The

21 Court also rejected Abbott's arguments that <u>Verizon Communications</u>

22 <u>Inc. v. Law Offices of Curtis V. Trinko, LLP</u>, 540 U.S. 398 (2004),

23 and <u>MetroNet Services Corp. v. Qwest Corp.</u>, 383 F.3d 1124 (9th Cir.

24 2006), preclude the antitrust duty to deal claims.

25

26

27    [1] In <u>Doe</u>, the parties agreed that, as a condition of
settlement, Abbott would take an interlocutory appeal of the
28 Court's decisions.  571 F.3d at 932.

**United States District Court**
For the Northern District of California

LEGAL STANDARD

1        Pursuant to 28 U.S.C. § 1292(b), a district court may certify

2   an appeal of an interlocutory order only if three factors are

3   present.  First, the issue to be certified must involve a

4   "controlling question of law."  28 U.S.C. § 1292(b).  Establishing

5   that a question of law is controlling requires a showing that the

6   "resolution of the issue on appeal could materially affect the

7   outcome of litigation in the district court."  <u>In re Cement</u>

8   <u>Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing <u>U.S.</u>

9   <u>Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966)).

10        Second, there must be "substantial ground for difference of

11   opinion" on the issue.  28 U.S.C. § 1292(b).  A substantial ground

12   for difference of opinion is not established by a party's strong

13   disagreement with the court's ruling; the party seeking an appeal

14   must make some greater showing.  <u>Mateo v. M/S Kiso</u>, 805 F. Supp.

15   792, 800 (N.D. Cal. 1992).

16        Third, it must be likely that an interlocutory appeal will

17   "materially advance the ultimate termination of the litigation."

18   28 U.S.C. § 1292(b); <u>Mateo</u>, 805 F. Supp. at 800.  Whether an appeal

19   may materially advance termination of the litigation is linked to

20   whether an issue of law is "controlling" in that the court should

21   consider the effect of a reversal on the management of the case.

22   <u>Id.</u>  In light of the legislative policy underlying § 1292, an

23   interlocutory appeal should be certified only when doing so "would

24   avoid protracted and expensive litigation."  <u>In re Cement</u>, 673 F.2d

25   at 1026; <u>Mateo</u>, 805 F. Supp. at 800.  If, in contrast, an

26   interlocutory appeal would delay resolution of the litigation, it

27   should not be certified.  See <u>Shurance v. Planning Control Int'l</u>,

4

**United States District Court**
For the Northern District of California

1  <u>Inc.</u>, 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a

2  certified appeal in part because the Ninth Circuit's decision might

3  come after the scheduled trial date).

4       "Section 1292(b) is a departure from the normal rule that only

5  final judgments are appealable, and therefore must be construed

6  narrowly." <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1068

7  n.6 (9th Cir. 2002).  Thus, the court should apply the statute's

8  requirements strictly, and should grant a motion for certification

9  only when exceptional circumstances warrant it.  <u>Coopers & Lybrand</u>

10 <u>v. Livesay</u>, 437 U.S. 463, 475 (1978).  The party seeking

11 certification of an interlocutory order has the burden of

12 establishing the existence of such exceptional circumstances.  <u>Id.</u>

13 A court has substantial discretion in deciding whether to grant a

14 party's motion for certification.  <u>Brown v. Oneonta</u>, 916 F. Supp.

15 176, 180 (N.D.N.Y. 1996) <u>rev'd in part on other grounds</u>, 106 F.3d

16 1125 (2nd Cir. 1997).

17                              DISCUSSION

18      Abbott does not meet its burden to show that an interlocutory

19 appeal is warranted.  First, an appeal will not materially advance

20 the ultimate termination of this litigation.  On the contrary, an

21 immediate appeal is likely to delay, rather than advance, the end

22 of these cases.  Dispositive motions are scheduled to be heard this

23 summer, with trial calendared for February, 2011.  Abbott suggests

24 that the trial would not be materially delayed because the Ninth

25 Circuit would hear an appeal on an expedited basis and might decide

26 before the trial date.  Abbott's assertions do not persuade the

27 Court.  As Plaintiffs correctly note, an interlocutory appeal could

28 only materially advance the ultimate termination of this litigation

**United States District Court**
For the Northern District of California

1  if the Ninth Circuit accepts the appeal and rules in favor of

2  Abbott on all the above-mentioned issues.  Further, at least with

3  regard to GSK, resolution of these issues does not address all

4  claims asserted against Abbott.  Thus, litigation would

5  nevertheless continue.

6       Second, Abbott does not establish a substantial ground for

7  difference of opinion.  As it did in its omnibus motion to dismiss,

8  Abbott insists that <u>Doe</u> and <u>Linkline</u> control the outcome of this

9  case.  However, as explained further in the Court's Order on the

10 motion to dismiss, neither of those cases addressed the antitrust

11 theories proffered by Plaintiffs in their amended complaints.

12 Abbott quotes a portion of <u>Doe</u>, which states, "However labeled,

13 Abbott's conduct is the functional equivalent of the price squeeze

14 the Court found unobjectionable in Linkline."  571 F.3d at 935.

15 This statement is taken out of context.  In the section preceding

16 the language Abbott quotes, the Ninth Circuit stated:

17       Does try to distance themselves from <u>Linkline</u> on the
         footing that their claim is for monopoly leveraging, not
18       price squeezing, and that Abbott provides products to
         consumers in both the booster and boosted markets whereas
19       AT & T provided products in retail and wholesale markets.
         We understand the difference, but it is insubstantial.
20       However labeled, Abbott's conduct is the functional
         equivalent of the price squeeze the Court found
21       unobjectionable in Linkline.

22 <u>Id.</u>  The Court reads this discussion to address the <u>Doe</u> plaintiffs'

23 attempt to distinguish monopoly leveraging from price squeezing,

24 not to immunize Abbott from liability under any antitrust theory.

25 The Ninth Circuit did not rule on the theories proffered by

26 Plaintiffs here and, as a result, <u>Doe</u> does not apply.

27      Abbott also argues that the Court's prior orders demonstrate a

28 substantial ground for difference of opinion.  However, like <u>Doe</u>

6

United States District Court
For the Northern District of California

1  and <u>Linkline</u>, those orders addressed different antitrust theories

2  and positions taken by the parties at that time.   Although

3  Plaintiffs' claims arise from the same series of acts as those

4  complained of in <u>Doe</u>, their allegations and theories materially

5  differ.

6         Abbott vehemently disagrees with the Court's reading of

7  various cases, including <u>Trinko</u> and <u>MetroNet</u>.   However, Abbott's

8  contrary reading of authority is not enough to create a substantial

9  ground for difference of opinion justifying an interlocutory

10  appeal.

CONCLUSION

12         For the foregoing reasons, the Court DENIES Abbott's motion

13  for certification of an interlocutory appeal.   (Case No. 07-05470,

14  Docket No. 137; Case No. 07-05985, Docket No. 233; Case No. 07-

15  06120, Docket No. 126; Case No. 07-05702, Docket No. 199.)

16  Dispositive motions are scheduled to be filed on June 17, 2010,

17  with a hearing on the motions set for August 5, 2010 at 2:00 p.m.

18         IT IS SO ORDERED.

19

20  Dated: June 1, 2010

CLAUDIA WILKEN
United States District Judge

7